## Lutz Estate

*Kenneth E. Sands, Jr.,* for Robert C. Lenhart.

*Stephen Lieberman,* for Samuel J. Damiano.

*Charles F. Fitzpatrick,* for estate.

ADJUDICATION BY WESNER, J., OCT. 29, 1980:

The claims against the estate of Hannah S. Folk Lutz were brought before the court by Samuel J. Damiano and Robert C. Lenhart. Each claimant presented a note in the amount of ten thousand dollars ($10,000), payable on demand. A hearing on both claims was held on February 4, 1980.

The decedent, Hannah S. Folk Lutz, died on August 8, 1977. Her will, dated January 22, 1973, was probated August 18, 1977 and these claims by Samuel Damiano and Robert Lenhart were filed.

The decedent was suffering from diabetes and for some time prior to her death, including the time at which the notes in issue were executed, she was blind. It is undisputed that the decedent executed a note on July 13, 1976 in the amount of ten thousand dollars ($10,000), payable on demand, to Robert C. Lenhart. Additionally, on May 11, 1977, the decedent executed

a like note to Samuel J. Damiano. Both notes bear interest at the rate of nine per cent (9%) per annum and contain judgment by confession clauses. Neither note was under seal, and no demand for payment of principal or interest was made during the lifetime of decedent. Both notes were typewritten by claimant Lenhart, read to the decedent, and signed by her in the presence of witnesses.

The evidence reveals that both claimants rendered services to the decedent for several years prior to the execution of the notes. Claimant Lenhart ran errands for the decedent, helped with her personal and business affairs, and sometimes stayed overnight with her when she was afraid. Claimant Damiano lived with the decedent for several years, during which time he cooked her meals, cut the grass, took her to the doctor, and helped her keep up the house.

The testimony of the claimants' witness establishes an intent on the part of the decedent to reward the claimants for their services and kindness over the years. The claimants contend that the services rendered constitute valid and sufficient consideration for the notes, and that the notes, therefore, are legally binding and enforceable. We disagree.

There is not the slightest doubt that the claimants over a long period of time rendered services to the decedent for which the decedent expressed her appreciation and that the decedent expressed a desire to reward the claimants for their services. The claimants contend that the past services rendered created a moral obligation which was sufficient consideration to support decedent's promise to pay, said promise being a note not under seal. A note, not under seal, is not a contract at all, but a mere naked promise, nudum pactum, for want of a consideration, which is an essential part of the definition of a contract: *Kern's Est.*, 171 Pa. 55. It is the burden of the claimant to prove that the decedent actually entered into an agreement with the claimant whereby she became legally obligated to pay the claimant: *Fahringer v. Estate of Strine*, 420 Pa. 48.

Claimants rely on *Sutch's Est.*. 201 Pa. 305, and *Pohl's Est.*, 136 Pa. Super 91, to support their contention. However those cases are readily distinguishable. In *Sutch's Estate*, a father executed and delivered two judgment notes under seal

to his adult children to compensate them for their long and faithful service. Although not legally obligated to compensate them, the father saw an attorney for the express purpose of figuring out how to put the childrens' claim in shape so that it could be enforced legally. In *Pohl's Estate*, supra, the past services rendered to the decedent were expressly recognized and referred to in the instrument (which was not a promissory note), upon which the claim was based. There is no evidence in the instant case that the decedent desired to create a legally binding obligation, nor is there any mention of past services rendered in the promissory notes at issue here. The decisive facts in those cases are not present here. The evidence must disclose an unmistakable intention on the part of the donor to surrender the gift and show unequivocally an intention to invest the donee with the right of disposition beyond the recall of the donor: *Fritz' Est.*, 135 Pa. Super 463. The testimony presented does not meet this burden, but, on the contrary, indicates the decedent intended to make a gift rather than a binding legal obligation.

In view of our conclusion that the evidence does not show a promise by decedent upon which the existence of a contract can be predicated, the delivery of the promissory notes is but an unexecuted promise to make a gift in the future. As such, it is not valid as a gift, and cannot be enforced against the donor or against her estate after her death: *Fritz Estate*, supra. A promissory note, given without consideration, remains revocable by the maker, and is revoked by operation of law upon the death of the promisor before actual payment: *Kerns Estate*, supra. An appropriate order will be entered.